IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHIEF COL. MICHAEL S. OWL FEATHER-GORBEY,** ) ) | |
| Plaintiff, ) | Civil Action No. 7:20cv00750 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **JOE BIDEN, et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Chief Col. Michael S. Owl Feather-Gorbey ("Gorbey"),[1] a federal inmate proceeding pro se, commenced this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), filing a complaint and motion to proceed in forma pauperis. ECF Nos. 1, 2. Upon review of court records, it appears that Gorbey has had at least three previous actions or appeals dismissed as frivolous or for failure to state a claim. Feather-Gorbey v. Dunbar, 787 F. App'x 824, 825 (4th Cir. 2019) ("It is undisputed that Gorbey has had, on at least three occasions, an action or appeal dismissed on the grounds that it was frivolous, malicious, or failed to state a claim."); Gorbey v. Mubarek, No. RDB-19-220, 2019 WL 5593284, at *1 (D. Md. Oct. 30, 2019) (listing eleven cases that qualify as strikes); Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms, & Explosives, No. 5:11-cv-00126, 2012 WL 1987163, at *2 (N.D. W. Va. June 1, 2012) (adopting report of magistrate judge that listed twenty-five cases and noting that Gorbey conceded that he had at least three strikes). Therefore, even if Gorbey could prove his indigence, he may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] Some of plaintiff's other cases have been filed under the names Michael Steven Gorbey or Michael S. Owlfeather-Gorbey.

The title page of Gorbey's complaint states that he is filing under the "imminent danger" exception. Compl. 1, ECF No. 1. His complaint also contains vague and conclusory allegations that he "and others" are suffering "imminent danger, actual serious and other physical injuries, denials of medical treatment, and subhuman conditions." Id. at 5. His complaint is devoid of details as to any supposed future danger to him, however. It simply refers to a laundry list of injuries he has suffered in the past, at some unknown point in time. Id. at 6. Such conclusory allegations do not satisfy his burden of alleging imminent danger. Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (explaining that a plaintiff may proceed under the imminent danger exception by making "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury") (quoting Martin, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Gorbey also has filed an eight-page attachment to his in forma pauperis motion that purportedly sets forth his claims of imminent danger. ECF No. 2. This document, like Gorbey's complaint, contains a generic laundry list of dangers, such as judges subjecting "us" to "unconstitutional incarcerations, imminent dangers, actual serious and other physical injuries, denials of medical treatments & a list of subhuman conditions within these confinements." Id. at 4. This filing also rehashes claims from previous cases where courts concluded Gorbey was not in imminent danger or otherwise ruled against him. Id. at 5–7.

None of these allegations demonstrate that Gorbey is in imminent danger of serious physical harm so as to allow him to proceed on his claims. Instead, to make that showing, Gorbey must show that the "conduct complained of threatens continuing or future injury," not just that he "deserves a remedy for past misconduct." Johnson, 200 F. App'x at 272 (quoting Martin, 319 F.3d at 1050. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g) . . . ." Johnson, 200 F. App'x at 272; see also Shepherd v.

2

Annucci, 921 F.3d 89, 97 (2d Cir. 2019) (affirming district court's conclusion that claim of imminent danger was "without foundation" when the prisoner's explanation was "both circular and completely conclusory").  In short, Gorbey has not alleged future physical harm.

Furthermore, to the extent that any Gorbey's allegations reference any ongoing potential harm, the harm is unrelated to his claims in this case and thus cannot be used to invoke the "imminent danger" exception.  His complaint in this matter names President-Elect Biden and Vice-President-Elect Harris, as well as seven states, the Supreme Court of the United States, and several federal agencies, including the Department of Justice.  Gorbey challenges the results of the recent presidential election and, in addition to seeking significant sums in damages, he seeks injunctive relief freezing all government elections until matters of "treason, fraud and embezzlement can be properly investigated."[2]  He also asks for his immediate release from prison and asks that he be able "to hold power [and] control of the office" of the President of the United States until the alleged wrongdoers can be "weeded out" and constitutional elections can be held.  Compl. 6.  None of these claims are related to any allegation of imminent physical danger in his filings.

Gorbey contends—erroneously—that the Supreme Court's decision in Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020), requires no nexus between the allegations of imminent danger and the claims brought.  Although the court of appeals decision in Lomax addressed that issue and concluded that § 1915(g) has a nexus requirement, see Lomax v. Ortiz-Marquez, 754 F. App'x 756, 759 (10th Cir. 2018), the word "nexus" does not appear in the Supreme Court's decision.  Moreover, the Fourth Circuit has held, in an unpublished decision, that such a nexus is required.  Meyers v. Comm'r of Soc. Security Admin, 801 F. App'x 90, 96 (4th Cir. 2020)

---

[2] The complaint also asks for an injunction barring the seven states named as defendants from "certifying Biden-Harris as their electorial [sic] vote." ECF No. 1 at 6. Electors from all states had already cast their votes when Gorbey's complaint was received. Thus, that request for relief is moot.

3

("[A]llegations of imminent danger in the IFP application must have some nexus or relation to those of the underlying complaint. All our sister circuits to have addressed this matter are in agreement.").

Gorbey appears to be arguing that everything that happens in prison or in court cases brought by prisoners is tied to "the faulty elections" he challenges, because these elections allow "adverse people to steal seats in public offices appointing others to office whom are in turn destroying our constitutions and foreclosing" remedies and redress to Gorbey and other prisoners. ECF No. 2 at 7; see also id. at 10 (making same argument). This is far too attenuated a connection to satisfy the nexus requirement of § 1915(g). See Pettus v. Morgenthau, 554 F.3d 293, 297–98 (2d Cir. 2009) (holding that to contain a sufficient nexus, the complaint must "seek to redress an imminent danger of serious physical injury and . . . this danger must be fairly traceable to a violation of law alleged in the complaint").

Because Gorbey has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury" in relation to the claims in his complaint, the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

An appropriate order will be entered.

It is so **ORDERED**.

Entered:  December 17, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.17 11:28:00 -05'00'

Michael F. Urbanski
Chief United States District Judge